THE HOME INSURANCE COMPANY vs. THE SECURITY INSURANCE COMPANY.

*Trial by referee, with consent of parties, valid.*

A provision of law for the trial of causes by referees, with the *consent* of the parties, is not repugnant to the constitutional provision which vests the judicial power in *courts*.

APPEAL from the Circuit Court for *Milwaukee* County.

In May, 1864, plaintiff became insurer of 17,700 bushels of wheat on board a brig. The vessel was sunk, and thereupon, on the 10th of May, 1864, the shippers of the wheat abandoned it to the plaintiff as a total loss, and the abandonment was accepted and insurance paid, and plaintiff became owner of the wheat. At the same time, the defendant and the Columbian Insurance company were insurers of the hull of the vessel. The agents of the defendant raised and brought into port the hull and 11,800 bushels of the wheat, and sold the wheat on the 11th of May, 1864, for $1,000; the remainder of the wheat having been necessarily jettisoned. The complaint alleges that, at the time of the disaster, the defendant and the Columbian Insurance company, by reason of being insurers of the hull as above stated, "became interested in the protection and salvation of said vessel; and thereupon the plaintiff and defendant and said Columbian Insurance company * * agreed to make joint effort for the rescue of said vessel and cargo; each separate interest to contribute, as in general average accustomed, for all necessary sacrifices of property and value." It also avers that defendant "sold and converted to its own use [said 11,800 bushels of wheat] wrongfully and without the authority or sanction of the plaintiff;" that "by reason of said wrongful act, * * plaintiff has sustained damage to the amount of $5,000; and that there is that sum due to the plaintiff after deducting the amount which, as between plaintiff and defendant, plaintiff would be liable to contribute in general average as aforesaid." Judgment is therefore demanded for that sum, etc. The answer denies the allegations above quoted, and alleges that the defendant and said Columbian company, at the time of the disaster, became joint owners of the vessel by abandonment of the former owners, etc.; that defendant thereupon proposed to plaintiff to make a joint effort (together with the Columbian company) for the rescue of the vessel and cargo,

but plaintiff utterly refused, and *wholly abandoned its interest* to defendant and the Columbian company; that the $1,000, for which the wheat saved by the efforts of said two companies was sold, was its full value, and they received the same (one moiety going to each), as they lawfully might do, and plaintiff had no interest therein.

By written stipulation of the parties, the cause was tried by a referee, who found the following facts : 1. That on the 10th of May, after the wheat was abandoned and the insurance thereon paid, the plaintiff was the owner thereof. 2. That 5,900 bushels were necessarily jettisoned in securing the vessel and the balance of the cargo. 3. That 11,800 bushels were disposed of by defendant without plaintiff's consent. 4. That the value thereof, at the time of such disposal, was $3,540. As conclusions of law the referee held, 1. That the defendant was not liable in this action for the wheat jettisoned; that plaintiff's rights as to it must be determined in proceedings between the three parties interested in the vessel and cargo. 2. That defendant was liable in this action for the conversion of said 11,800 bushels, and plaintiff was entitled to a judgment for said $3,540, with interest, etc.

The defendant excepted to the referee's finding that the wheat sold was sold without plaintiff's consent, and also excepted to his conclusions of law; but the exceptions were overruled by the circuit court, and judgment entered in accordance with the report; from which the defendant appealed.

*Carpenter & Coggswell*, for appellant, contended that the acts of the referee were an exercise of judicial power pure and simple (*Attorney-General v. McDonald*, 3 Wis. 805; *State v. Judge, etc.*, 11 id. 54), whereas, by the constitution of this state, art. 7, sec. 2, all judicial power must be vested in courts; and that the report should be set aside, because it appeared from the evidence that plaintiff was not entitled to the possession of the wheat at the time the action was commenced, the salvors hav-

ing a lien upon it for salvage (Davies, 20; Ware, 332; 1 Sumner, 210, 400; Story on Con. § 455); because the evidence showed that the wheat was not worth over about $1,000; and because the plaintiff was held to be entitled to judgment for the full value of the wheat at the time of the sale, as it then was in the vessel, *without any deduction* for plaintiff's share of expenses in saving the cargo.

*Emmons & Van Dyke*, for respondent.

Dixon, C. J. The legislature has not attempted to *compel* the parties to submit to a trial by referees in actions of this nature. The statute merely provides that all or any of the issues in this action, whether of fact or of law, or both, *may* be referred, *upon the written consent of the parties.* R. S. ch. 132, § 22. The counsel for the plaintiff, however, contend, as the judicial power of the state is vested by the constitution in certain courts, that it can only be exercised by those courts, and that it is incompetent for the legislature, *even with the assent of the parties*, to provide for its exercise by any other body or tribunal. But it is clearly competent for parties themselves, to any litigation or controversy, not a proceeding for crime, without the assent of the legislature, to waive their constitutional rights with regard thereto. They may waive their right under the constitution to have the same heard and determined by the courts and juries of the country. They may do so by submitting to an arbitration as at the common law. Would it affect the validity of such waiver that the legislature had assented to or authorized it, or prescribed the means by which it may be accomplished? It seems to us not. Nor do we think that it is incompetent for the legislature to pass such laws, the validity of the transaction therein provided for being made to depend entirely on the will of the parties interested in them. The constitution provides that the property of no person shall be taken for public use without just compensation

therefor. It is well known that this provision securing the rights of the citizen may be waived. The owner is not obliged to accept or receive compensation unless he chooses ; and if the legislature should see fit to prescribe by statute how such right to compensation might be waived, or what should be the evidence of it, it being left optional with the owner to waive it or not, it is presumed that no one would contend that such statute would be void, or in any manner conflict with the constitution. The question here is quite analogous. It was optional with the parties to waive a trial before the court and a jury, or not to waive it, as they saw fit. They deemed it expedient to waive such trial, and by stipulation in writing to consent to a trial before the referee named ; and it is now too late for the defendant to raise the objection urged by its counsel.

The only exception to the report of the referee as to his finding of facts is, that he erred in finding that the defendant disposed of the wheat without the consent of the plaintiff. By this exception we are limited in our examination to that single question of fact, and cannot, as the counsel for the defendant seem to suppose, go into an investigation or review of the facts generally, or of the evidence upon which the referee found them. Upon the question of fact before us we are quite satisfied that the referee was correct. There is no satisfactory evidence that the plaintiff or its agents ever assented to the sale of the wheat. On the contrary, the fact that they did not assent seems to have been pretty clearly established. The agents of the plaintiff both testify that they gave no authority whatever to sell the wheat; and the agent of the defendant, who sold it, testifies that the agent of the plaintiff, with whom he conversed, gave him no instruction or advice whatever.

The other exception of the defendant to the report of the referee is, generally, to his conclusions of law. Supposing such exception to be well taken, it is manifest, the facts found by the referee being true, that his conclusions of law are cor-

176 SUPREME COURT OF WISCONSIN,

rect. These are not indeed disputed by counsel for defendant, who argue the case almost exclusively upon questions of fact which, we have seen, are not before us.

*By the Court.* — Judgment affirmed.