COURT OF APPEALS
DECISION
DATED AND FILED

October 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP1135**

Cir. Ct. No.  **2022CV665**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

TERRI M. DEPRINZIO,

   PLAINTIFF-APPELLANT,

V.

R & R AUTOMOTIVE LLC,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Terri M. Deprinzio, pro se, appeals from an order of the circuit court.  For the following reasons, we affirm.

¶2     This case arises out of a repair completed by R & R Automotive LLC to a vehicle owned by Deprinzio.  The circuit court held a court trial on April 24, 2023, on Deprinzio's breach of contract claim and at the conclusion of the trial, dismissed Deprinzio's case with prejudice.  She appeals.

¶3     Deprinzio's first issue on appeal is titled "Wisconsin Constitution Guaranteed in All Civil Action expectation to a Jury Trial."  She concludes the section of her brief-in-chief on this issue by stating she "was entitle[d] to jury trial as a matter of substantive law."  In the eight pages between the title and her concluding sentence, Deprinzio writes about many things, from case law related to prison officials providing meals to prisoners in isolation to an Oregon case involving a law enforcement officer's stop of a criminal defendant without reasonable suspicion.  What she completely fails to do, however, is develop any sort of argument related to her apparent concern that she was deprived of a jury trial in this civil action, instead having the matter resolved by court trial.  Because we do not address undeveloped issues and she bears the burden on appeal to demonstrate how the circuit court erred, and she has come nowhere close to meeting that burden, she does not prevail on this issue.  *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'"  (Second alteration in original; citation omitted.)); *Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").  That said, we nonetheless note the following.

¶4      In its response brief, R & R points out that while Deprinzio made brief reference to a demand for jury trial in her June 28, 2022 complaint, "no specific or separate jury demand was ever filed," she "never paid the jury fee," and "no fee waiver ever explicitly waived the jury fee."   R & R adds, "Deprinzio never attempted to alert the [circuit] court that she desired a jury trial, never asked for a jury fee waiver, nor followed up in any way to request a jury trial even when she knew a bench trial was impending on April 24, 2023."   Based upon this record, R & R asserts Deprinzio waived her right to a jury trial, specifically stating that "her failure to pay the jury fee or expressly obtain a fee waiver, and failure to raise any objection to a bench trial constitutes a waiver" of a jury trial.   In support, R & R cites to the following from our supreme court's decision in ***Rao v. WMA Securities, Inc.***, 2008 WI 73, ¶22, 310 Wis. 2d 623, 752 N.W.2d 220:

> [A] party's "waiver" of the Article I, Section 5 right of trial by jury need not be a "waiver" in the strictest sense of that word, that is, an "intentional relinquishment of a known right."   Instead, a party may "waive" the Article I, Section 5 right of trial by jury by failing to assert the right timely (as when a party fails to demand a jury trial timely in accordance with [WIS. STAT. RULE] 805.01) or by violating a law setting conditions on the party's exercise of the jury trial right (*as when a party fails to pay the jury fee* timely in accordance with WIS. STAT. § 814.61).

(Emphasis added; footnote omitted.)   Here, it is undisputed that Deprinzio paid no jury fee.

¶5      Deprinzio is apparently challenging the circuit court's decision to proceed with a court trial, rather than a jury trial, on her breach of contract claim. The record indicates she was present at a January 31, 2023 hearing at which the court scheduled her case for a "[c]ourt trial" on April 24, 2023.   Rather than raise an issue regarding a demand for a jury trial, she proceeded with the trial to the court

on April 24, 2023. Deprinzio fails to point to any record or legal support indicating the court erred in any regard with its decision to proceed with a court trial.

¶6 Deprinzio's second issue on appeal is titled "Did the Circuit Court Abuse[] its Discretion by Refusing a postponement until Counsel was Allowed." In this section too, Deprinzio touches on multiple matters but fails to develop a sufficient legal argument to in any way convince us the circuit court erred. She first writes, without citation to any record support, that she had "objected to circuit court denial for postponement of jury trial to allow attorney to consult and review her civil action." We assume that Deprinzio is referring to a "Motion for Postponement" she filed with the court on April 20, 2023—four days before her scheduled court trial—asking to postpone trial for forty-five days "because she is in [the] process of obtaining legal counsel." She stated in that motion that she had contacted legal counsel Walter Stein and Brenda VanCuick and both indicated they would "consider the matter." She further stated that granting her an additional forty-five days "*may* resolve the issue of representation." (Emphasis added.) She added that she needed the additional time "[d]ue to delays in finding the proper attorney."

¶7 Critically, Deprinzio provides no record support showing the circuit court's decision with regard to her motion; as a result, there is no way for us to determine if the court erroneously exercised its discretion in proceeding with the trial on April 24, 2023. *See State v. Leighton*, 2000 WI App 156, ¶27, 237 Wis. 2d 709, 616 N.W.2d 126 ("The decision whether to grant or deny an adjournment request is left to the [circuit] court's discretion and will not be reversed on appeal absent an erroneous exercise of discretion." (Citation omitted.)); *see also Brezinski v. Barkholtz*, 71 Wis. 2d 317, 320-21, 237 N.W.2d 919 (1976). Moreover, Deprinzio herself acknowledges that on December 9, 2022, the court advised her to obtain legal counsel. This is supported by court minutes in the record indicating the

court adjourned the December 9, 2022 hearing "to give [plaintiff] time to consult with an attorney." And again, court minutes further indicate that at a January 31, 2023 hearing at which Deprinzio was present, the court scheduled her case for a court trial on April 24, 2023. Thus, far in advance of the trial date, the court advised Deprinzio to find counsel and informed her of the impending trial date.

¶8     Additionally, and especially in light of her failure to secure counsel in the months leading up to the trial and her failure to explain in her motion what "delays" had hindered her in "finding the proper attorney," Deprinzio's motion would have given the circuit court little confidence she would procure counsel if it afforded her the delay she requested. The most she represented in her motion was that two attorneys she had contacted indicated they would "consider the matter," and she further closed her motion by stating that "a 45 days period *may* resolve the issue of representation." (Emphasis added.) Deprinzio gives us no reason to conclude she did not have ample time to find counsel prior to trial, and she certainly gives us no reason to conclude the court erred in not providing her yet more time.

¶9     Deprinzio appears to further complain that the circuit court did not appoint counsel to represent her in this civil matter. Again, she fails to sufficiently develop an argument on this point. While she does cite to authority suggesting the court has the inherent discretion to appoint counsel, she does not identify anywhere in the record where she asked the court to appoint counsel for her, much less record support indicating the court's reasoning for declining such a request. We could easily end discussion of this concern here. We note, however, that in its response brief, R & R directs us—and Deprinzio—to *Lassiter v. Department of Social Services*, 452 U.S. 18, 26-27 (1981), as support for R & R's statement that the United States Supreme Court there "ruled that an indigent litigant is presumed to have a right to appointed counsel only when a loss on the merits would deprive him

or her of personal liberty." That case indeed holds that "the presumption [is] that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Id.* Deprinzio fails to reply to R & R's arguments that she was not entitled to appointment of counsel, and she thus concedes that matter. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).

¶10 Deprinzio also complains that the circuit court apparently did not permit Tayr Kilaab al Ghashiyah, a nonattorney whose claims against R & R the court had previously dismissed, to assist her at trial. Again, Deprinzio fails to develop a sufficient argument on this point, so we do not consider it. Moreover, she has failed to cite to any support in the record to convince us the court may have erred in any way with regard to this "issue." In its response brief, R & R points out that Tayr Kilaab al Ghashiyah could not legally assist Deprinzio at trial because he was not a licensed attorney and thus "[a]ny argument that [he] should have been allowed to act as Deprinzio's lawyer is a request that the court break the law and permit the unauthorized practice of law." Deprinzio fails to reply on this issue, and it goes nowhere.[1]

    *By the Court.*—Order affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).

---

[1] Deprinzio lastly complains that the circuit court erred in declining to grant her requests for a transcript fee waiver. Because Deprinzio previously appealed this issue to us and we affirmed the circuit court's ruling denying her request for transcript fee waiver, we have already decided this matter and do not address it again.